IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER,<br><br>     Plaintiff,<br><br>  v.<br><br>DEPARTMENT OF JUSTICE,<br><br>     Defendant. | Civil Action No. 05-845 (GK)<br>ECF |

**PLAINTIFF'S MOTION TO COMPEL EXPEDITED PROCESSING OF
PLAINTIFF'S FREEDOM OF INFORMATION ACT REQUEST**

  Plaintiff Electronic Privacy Information Center respectfully moves for entry of an order requiring defendant Department of Justice's component the Federal Bureau of Investigation ("FBI") to expedite the processing of plaintiff's Freedom of Information Act request for records concerning the FBI's use of sunsetting PATRIOT Act authorities, and to complete the processing of plaintiff's request within 10 days.  Defendant does not dispute that plaintiff's request is legally entitled to expedited processing.  However, twelve weeks after plaintiff submitted its request, defendant has failed to complete processing of the request.

**PRELIMINARY STATEMENT**

  This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking the expedited processing and release of agency records concerning the use of sunsetting provisions of the PATRIOT Act by the FBI, a component of defendant Department of Justice ("DOJ").  The FBI has acknowledged that the requested information fits squarely within the narrow category for which Congress has mandated

expedited processing and, on April 12, 2005, purported to grant plaintiff's request for such expeditious treatment. Nonetheless, in violation of the FOIA and defendant DOJ's own regulations, the FBI has failed to process plaintiff's request even within the 20-working day time frame for processing a standard FOIA request not entitled to expedited treatment. Because time is at the essence of plaintiff's rights and the FBI's obligations, plaintiff seeks the Court's expedited consideration of this matter and entry of an order compelling the FBI to process and disclose non-exempt, responsive records within 10 days of the Court's order.

## STATEMENT OF FACTS

### A. The Sunsetting Provisions of the PATRIOT Act

Following the terrorist attacks of September 11, 2001, Congress signed into law the Uniting and Strengthening America by Providing Appropriate Tools Required to Intercept and Obstruct Terrorism Act of 2001 ("PATRIOT Act"). The sweeping law, which amended numerous federal statutes, was marked by its lack of debate and quick passage on October 26, 2001 — just six weeks after the terrorist attacks.

Statements made by various members of Congress at that time underscored the need to revisit some of the Act's provisions at a later, less chaotic time.[1] As a result, Congress included a "sunset" provision, § 224 of the PATRIOT Act, so that lawmakers could subsequently re-examine the necessity of expanded FISA powers. Pub. L. No. 107-56, 115 Stat. 295; 18 U.S.C. 2510 note. The sunset provision specifies that many of the law's most controversial provisions will become ineffective on December 31, 2005, without further action by Congress. *Id*.

---

[1] Plaintiff's request letter, attached hereto as Exhibit 1, quotes from more than ten of those statements.

Since the passage of the law, congressional support for the sunset provision continues to be strong. During a May 10, 2005 House Judiciary Committee hearing, U.S. Representative Steve Chabot (R-OH) stated, " . . . [I] think one of the wisest things that Congress did in passing that legislation was to sunset certain provisions of the Patriot Act so that Congress would have to exercise oversight." *House Judiciary Committee: Subcommittee on Crime Terrorism and Homeland Security Holds Hearing on the PATRIOT Act*, 109th Cong. (2005) (statement of Rep. Chabot, Member House Comm. on the Judiciary).

It is particularly crucial now for Congress and the public to know how the FBI has used the PATRIOT Act authorities subject to sunset. Congressional committees began conducting numerous PATRIOT Act oversight hearings in April, which continue to date, to determine whether to reauthorize or modify the sunsetting provisions of the USA PATRIOT Act.

### B. Plaintiff's FOIA Request and Request for Expedited Processing

On March 29, 2005, plaintiff wrote to the FBI and requested under the FOIA the expedited release of agency records related to the Bureau's use of sunsetting provisions of the PATRIOT Act. Exhibit 1; Compl. ¶ 8. Plaintiff's letter noted that on December 31, 2005, many of the law's provisions will become ineffective without further action by Congress, and that the House Judiciary Committee had announced the day before plaintiff submitted its request that it would hold eight PATRIOT Act oversight hearings in April and May 2005. Exhibit 1 at 2. Noting the heightened media interest in how the FBI has used expanded law enforcement powers granted by the PATRIOT Act in light of the upcoming sunset of those authorities, plaintiff requested that the processing of its FOIA request be expedited pursuant to 5 U.S.C. § 552(a)(6)(E). *Id.* at 5.

3

Plaintiff clearly explained the urgency of disseminating information about the use of the sunsetting provisions of the PATRIOT Act, pointing out that numerous members of Congress have spoken out about the importance of the sunset to allow Congress to re-examine the FBI's expanded investigative authority. *Id*. at 2-4. Plaintiff also noted that the Attorney General has voiced support for renewal of sunsetting provisions of the PATRIOT Act, and has stated that he supports a debate on the matter. *Id*. at 4-5. Furthermore, plaintiff cited the widespread and exceptional media coverage surrounding the PATRIOT sunset, and demonstrated that a Google News search for "PATRIOT Act sunset" returned 62 articles from news outlets across the country published in the month prior to plaintiff's request. *Id*. at 5. Plaintiff also cited the applicable DOJ regulation, 28 CFR § 16.5(d)(1)(ii), which provides for expedited processing when there is an "urgency to inform the public about an actual or alleged federal government activity," and the request is made by "a person primarily engaged in disseminating information." *Id*.

Acknowledging the urgency demonstrated in plaintiff's FOIA request, the FBI granted expedited processing of plaintiff's request on April 12, 2005. Exhibit 2 (attached hereto); Def. Answer ¶ 10. After the FBI failed to complete processing even within the standard, non-expedited timeframe provided by the FOIA, plaintiff initiated this lawsuit on April 28, 2005. To date, twelve weeks since plaintiff submitted its FOIA request and request for expedition, the Bureau has not completed processing. Def. Answer ¶ 13.

## ARGUMENT

### I. <u>The FBI Has Failed to Expedite the Processing of Plaintiff's Request</u>

The issues raised in this motion are simple and not subject to serious dispute. In compliance with the FOIA and applicable DOJ regulations, plaintiff requested expedited processing of a request seeking information about how the FBI has exercised authorities granted in the sunsetting provisions of the PATRIOT Act. Plaintiff submitted specific and relevant information that clearly established its entitlement to expedited processing. Indeed, the FBI purported to grant plaintiff's request for expedited processing. However, the agency has failed to comply with not only the FOIA's provisions for expedited processing, but also the FOIA's mandated time frame of twenty working days for responding to a standard, non-expedited request. The agency's failure to respond to plaintiff's request constitutes a continuing impediment to plaintiff's legal right to examine how the FBI has used its authority conferred by the sunsetting provisions of the PATRIOT Act. The agency's action is clearly unlawful and must be enjoined.

Pursuant to the FOIA and DOJ regulations, the FBI is generally required to "determine within 20 days (except Saturdays, Sundays, and legal public holidays) after the receipt of . . . [a] request whether to comply with such request and shall immediately notify the person making such request of such determination[.]" 5 U.S.C. § 552(a)(6)(A)(i); *see also* 28 CFR § 16.6(b). If, as in this case, the FBI grants expedited treatment, the agency is obligated to process the request "as soon as practicable." 5 U.S.C. § 552(a)(6)(E)(iii); 28 CFR § 16.5(d)(4).

Here, the FBI has determined that plaintiff's request was entitled to expedited processing. Exhibit 2. Now, twelve weeks after the FBI purportedly granted "expedited

processing," the Bureau has failed to actually process plaintiff's request in an expedited — or any other — manner.

According to the DOJ's annual FOIA report for FY2004, the FBI's median time for processing expedited requests is 41 days.[2]  Department of Justice, Freedom of Information Act Report for Fiscal Year 2004 (relevant portion attached as Exhibit 3). However, 54 working days after EPIC submitted its request to the FBI, the agency has not only failed to process and release the documents, but also has failed to provide any indication of when such action might be completed.  As the FBI's own processing statistics demonstrate, the Bureau has failed to process plaintiff's request "as soon as practicable."

## II.  The Court Should Order the FBI to Process Plaintiff's FOIA Request Immediately

The applicable DOJ regulations dictate the manner in which FOIA requests requiring expedition must be processed.  The regulations provide that DOJ components, such as the FBI, "ordinarily shall respond to requests according to their order of receipt," but that "[i]f a request for expedited treatment is granted, the request shall be given priority and shall be processed as soon as practicable."  28 C.F.R. § 16.5.

This Court should order defendant DOJ and its component FBI to take whatever steps are necessary to complete the processing of plaintiff's request as expeditiously as possible, including the placement of plaintiff's request ahead of all other requests warranting expedited processing that were received subsequent to the FBI's receipt of

---

[2] Although the annual report does not specify whether it refers to working days or calendar days, plaintiff assumes it references working days.  The complete annual report is available at http://www.usdoj.gov/oip/annual_report/2004/04contents.htm (last visited June 14, 2005).

plaintiff's request on March 29, 2005. As noted, the "median number of days to process" such requests was 41 days in 2004. Exhibit 3. Application of that "median" here would require the FBI to have completed its processing of plaintiff's request no later than May 25. As such, plaintiff requests that the Court direct the FBI to complete its processing of the request within ten (10) days of the entry of the Court's order.

### III. The Court Should Expedite its Consideration of Plaintiff's Motion

Plaintiff respectfully requests expedited consideration of this matter. Under the statutory scheme Congress established in the FOIA, it is clear that time is of the essence here and that any further delay in the processing of plaintiff's request will cause irreparable injury. *See* 5 U.S.C. § 552(a)(6)(E) (agencies must determine requests for expedition within 10 calendar days; aggrieved requesters need not submit administrative appeals before seeking judicial review); *Al-Fayed v. CIA*, 254 F.3d 300 (D.C. Cir. 2001) (analyzing entitlement to expedited processing under preliminary injunction standard). Indeed, this Court has recognized that requesters denied expedited processing are entitled to "an expedited form of the de novo judicial review contemplated by FOIA." *Electronic Privacy Information Center v. Department of Justice*, Civil Action No. 03-2078 (JR), Order at 1 (D.D.C. Oct. 20, 2003) (attached hereto as Exhibit 4). Unless the FBI is ordered to process plaintiff's request in a timely manner, plaintiff's right to expedition under the FOIA will be irretrievably lost.

### CONCLUSION

For the foregoing reasons, this Court should grant plaintiff's motion for entry of an order requiring defendant DOJ and its component FBI to expedite the processing of plaintiff's Freedom of Information Act request for records concerning the FBI's use of sunsetting PATRIOT Act authorities, and to complete the processing of plaintiff's request within ten (10) days of the Court's order.

Respectfully submitted,

_____
MARCIA HOFMANN
D.C. Bar No. 484136

DAVID L. SOBEL
D.C. Bar No. 360418

MARC ROTENBERG
D.C. Bar No. 422825

ELECTRONIC PRIVACY INFORMATION
   CENTER
1718 Connecticut Avenue, N.W.
Suite 200
Washington, DC 20009
(202) 483-1140

Counsel for Plaintiff