**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ELECTRONIC PRIVACY INFORMATION CENTER,** )<br>)<br>Plaintiff,   )<br>)<br>v.   )<br>)<br>**DEPARTMENT OF JUSTICE,**   )<br>)<br>Defendant.   )<br>) | Civil Action No. 05-845 (GK)<br>ECF |

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S RESPONSE TO PLAINTIFF'S NOTICE OF FILING AND, IN THE ALTERNATIVE, PLAINTIFF'S RESPONSE TO DEFENDANT'S SUBMISSION**

On November 8, 2005, the Court issued an order a) directing plaintiff to submit (by November 9) a revised proposed order for plaintiff's Motion for Expedited Processing of Plaintiff's Freedom of Information Act Request; and b) directing the parties to submit (by November 14) a Joint Praecipe containing either a schedule for the processing of the remaining documents, or notification to the Court that they have been unable to reach an agreement. Plaintiff timely submitted its revised proposed order and the parties apprised the Court that they were unable to reach an agreement. Notwithstanding the clarity of the Court's order, defendant has now filed a "response" to plaintiff's revised proposed order. For the reasons set forth below, plaintiff moves that defendant's submission be stricken. Counsel for defendant has represented that defendant opposes this motion.

Should the Court allow defendant's "response" to remain in the record, plaintiff respectfully submits a brief response to defendant's submission.

### I. Defendant's "Response" Should be Stricken

The Court's order clearly set forth the procedure for determining the manner in which the documents at issue in this case should be processed in the wake of the Court's decision to grant plaintiff's motion to compel expedited processing of its FOIA request: plaintiff's submission of a proposed order, and the parties' joint submission of a report on the outcome of their efforts to agree upon a production schedule. The order did *not* contemplate (nor permit) additional argument from defendant on the Federal Bureau of Investigation's ("FBI") ability (or the lack thereof) to process documents on a particular schedule.

In support of its opposition to plaintiff's motion to compel expedited processing, defendant filed an 18-page declaration explaining in detail the FBI's procedures and capabilities. During the status hearing held on November 8, counsel for defendant had ample opportunity to present information defendant deemed relevant to the Court's adjudication of the issue and to respond to the Court's inquiries. Without even attempting to explain why those opportunities to be heard were somehow inadequate, defendant now seeks to take a *third* bite at the apple. Plaintiff submits that the Court, as reflected in its November 8 order, has already provided defendant with more than an adequate chance to present its position. As such, defendaant's extraneous submission should be stricken.

### II. Plaintiff's Response to Defendant's Submission

Alternatively, should the Court entertain defendant's "response," plaintiff submits this brief response to that submission.

1. Defendant now asserts that the FBI has "narrow[ed] the scope of potentially responsive pages of records from 130,000 to approximately 18,000 pages." Defendant's Response at 1. But defendant does not attempt to explain why the FBI *ever* believed that the number of pages was so massive; the Bureau's June 29 declaration asserted that it "anticipate[d]" that "*nearly all of the records* identified so far as potentially responsive

[130,000 pages] are in fact responsive." Hardy Declaration, ¶ 25 (emphasis added). *See also id.*, ¶ 26 ("Let me once again emphasize that it is our belief that the 130,000-page count is a very conservative estimate."). In fact, and without any explanation, the actual number of "potentially responsive" pages now appears to be less than fourteen percent of what the FBI represented several months ago in its effort to avoid imposition of an expedited processing schedule.

      2. Defendant proposes a schedule under which it would process 3000 pages of records every 30 "business days," *i.e.*, every six weeks. Under such a schedule, plaintiff's request, which has now languished for almost eight months, would require an additional *nine* months for the completion of processing (at which point, the process of litigating the FBI's withholding decisions would first begin). Plaintiff's proposed schedule (2000 pages every 15 calendar days) would, in contrast, result in an additional delay of three months before processing is completed. It appears that the FBI is simply unwilling to devote adequate resources to facilitate "expedited" processing of the request; while defendant asserts that four paralegals and a team leader are "working on a full-time basis" to review the documents, Defendant's Response at 2, the Bureau's Record/Information Dissemination Section "currently employs 247 employees, most of whom are Legal Administrative Specialists," Hardy Declaration, ¶ 6. Despite defendant's characterization of its proposal as "an enormous effort," Defendant's Response at 2, this allocation of resources could more properly be seen as a drop in the bucket.

      3. Defendant's asserted hardship results, in large part, from the FBI's apparent lack of attention to plaintiff's request for many months. *See* Reply in Support of Plaintiff's Motion to Compel Expedited Processing at 2-3. The Bureau should not now be heard to complain about the burden of completing the processing of plaintiff's request by the eve of the request's one-year anniversary when, as we have shown, it failed to take meaningful steps to expedite its response until plaintiff sought relief from the Court.

**Conclusion**

For the foregoing reasons, the Court should strike defendant's "response" to plaintiff's notice of filing. In the alternative, the Court should reject defendant's proposed schedule for processing documents and adopt plaintiff's proposed order.

Respectfully submitted,

_____
MARCIA HOFMANN
D.C. Bar No. 484136

DAVID L. SOBEL
D.C. Bar No. 360418

MARC ROTENBERG
D.C. Bar No. 422825

ELECTRONIC PRIVACY INFORMATION
　　　CENTER
1718 Connecticut Avenue, N.W.
Suite 200
Washington, DC 20009
(202) 483-1140

Counsel for Plaintiff