**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

```
ELECTRONIC PRIVACY           :
INFORMATION CENTER,          :
                             :
          Plaintiff,         :
                             :
     v.                      :    Civil Action No. 05-845 (GK)
                             :
DEPARTMENT OF JUSTICE,       :
                             :
                             :
          Defendant.         :
```
---

<u>**MEMORANDUM ORDER**</u>

Plaintiff is a public interest research organization which, among other things, reviews federal law enforcement activities and policies to determine their potential impact on privacy interests and civil liberties.  On March 29, 2005, Plaintiff filed a request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for the release of various information related to the "USA PATRIOT ACT of 2001," Pub. L. No. 107-56, 115 Stat. 272 (2001).  Compl. ¶ 8. Plaintiff sought expedited processing of its FOIA request.  <u>Id.</u> ¶ 9.

By letter dated April 12, 2005, the Federal Bureau of Investigation ("FBI"), a component of Defendant, granted Plaintiff's request for expedited processing.  Pl's Mot. to Compel, Ex. 3.  Thereafter, Plaintiff filed this lawsuit claiming Defendant failed to process Plaintiff's FOIA request in a timely manner.  On

June 14, 2005, Plaintiff filed a Motion to Compel Expedited Processing of Plaintiff's FOIA Request ("Plaintiff's Motion").

On November 8, 2005, a Status Conference was held, during which the parties reiterated their positions with respect to the processing of Plaintiff's FOIA request.  That same day, the Court granted Plaintiff's Motion, and ordered the parties to submit a Joint Praecipe with a proposed timeline for processing the remaining pages, or notify the Court that they were unable to come to an agreement.  The parties were informed that if they were unable to come to an agreement, the Court would enter an order based on the record before it.  On November 14, 2005, the parties informed the Court that they were unable to reach an agreement regarding the remaining pages.

The Court is unable to determine, based on the Government's representations at the Status Conference and various written submissions made during this litigation, how many pages it can actually process within a given time frame.  At the Status Conference, the Government represented that the universe of potentially responsive pages had been narrowed from approximately 130,000 to 18,000.  As early as June 29, 2005, the Government had already determined that 5,000 pages of the 18,000 were potentially responsive.  Def.'s Opp'n to Pl.'s Mot. to Compel, Att. A ¶ 20. Yet the Government has not stated that any of those 5,000 pages

have been completely processed,[1] nor that any of those pages have been turned over to Plaintiff.

To provide another example of the inadequacy of the Government's responses to Plaintiff's Motion, it filed, in support of its Opposition to Plaintiff's Motion, the Declaration of David M. Hardy, Section Chief of the Record/Information Dissemination Section, Records Management Division, FBI Headquarters. Hardy attested that the FBI should be able to process 1,000 pages per month for responsiveness. Opp'n, Att. A ¶ 26. However, at the Status Conference, almost seven months after the FBI agreed to process Plaintiff's FOIA request on an expedited basis, the Government was still unable to give even an estimate as to how far along in the review process it was. Nor could the Government provide an estimate as to when processing would be completed.

What is clear is that Plaintiff's FOIA request, which should have been processed on an expedited basis, has been pending for nearly eight months. An incredibly small amount of pages has been released to Plaintiff.[2] While the Court recognizes the difficulty the Government has had in processing Plaintiff's request, the

_____

[1]   The Government represents that "because of the nature of plaintiff's request, identification of responsive records has proven much more difficult than initially anticipated." Def.'s Resp. to Pl.'s Notice of Filing at 1.

[2]   The Government represented at the Status Conference that only about 250 pages had been released to Plaintiff.

record shows that Defendant's efforts have been unnecessarily slow and inefficient.

Upon consideration of the Motion, Opposition, and Reply, the representations made during the Status Conference, the parties' submissions in response to the Court's November 8, 2005 Order, and the entire record herein, it is hereby

**ORDERED** that Defendant shall complete the processing of 1500 pages every 15 calendar days, and provide to Plaintiff all responsive non-exempt pages contained therein, until processing is complete;[3] it is further

**ORDERED** that Defendant shall notify Plaintiff of the total number of pages responsive to Plaintiff's FOIA request within 60 calendar days; and it is further

**ORDERED** that Defendant is not required to categorize responsive documents according to Plaintiff's different FOIA requests.

---

[3] The Court recognizes that there are several layers of review, each of which take time. However, the Government has represented that it is processing Plaintiff's FOIA request on a rolling basis, _i.e._, after a group of documents are reviewed for responsiveness, they are immediately moved to the next stage of review. Therefore, at this point, there should be a number of documents at various stages of the review process, and Defendant should be able to comply with this Order without the need for an initial grace period.

_____/s/_____
Gladys Kessler
United States District Judge

November 16, 2005

**<u>Copies to</u>: attorneys of record via ECF**